JOSHUA DAVIS ET AL' *v.* WILLIAM HIGGENBOTHOM ET AL.

**Implied Trust.**

It is shown that a father, for a grossly inadequate consideration, transferred to two of his sons, large tracts of land, on assurances from them, that it would protect him from a possible judgment and loss on a bond then outstanding, and also that the lands should be held by them for all the children, also that the payment of the consideration was denied by witnesses. It was held in the names of the sons for some eighteen years. In a suit by all the heirs, held to be both and express and implied trust.

**Limitations of Actions—When right of Action Accrues.**

Where property, held under an express or implied trust, which would not accrue until the death of the grantor and a refusal to fulfil the trust, neither a statutory nor presumptive bar will apply.

APPEAL FROM GARRARD CIRCUIT COURT.

December 16, 1868.

A petition was filed in the Garrard circuit court by the heirs of E. Higgenbothom against appellees to cancel deeds executed by E. Higgenbothom and wife to them, which were made some fifteen or twenty years prior thereto, claiming that the deeds had been secured by undue influence and false representations. Defendants answering, denied all the allegations of the petition, and claimed the land purchased in good faith, for a valuable consideration.

They file with their answer and make it a cross-petition against one of the plaintiffs, Joshua Davis, who had been living on part of the land for a number of years, asking for a writ of possession against Davis, and a judgment against him for $1,200 for rent. Defendants also claim the land by virtue of their long possession, and set this up in bar of the action. The preponderance of the evidence showed that defendants had secured the deeds from their father and mother by representing that it would save the land bing sold under a supposed claim against one of their uncles which might fall on their father, and that it would be held in the name of defendants for the benefit of all the heirs. The father continued to live with Davis, cross-defendant, and exercised and openly claimed ownership over the land. Davis took care of the old man, and did considerable repairs to the place, which had begun to deteriorate, and it was shown that all this aid was more than an off-set to any rental that the place was worth. It was also shown that the consideration alleged to have been paid, was purposely paid to the father of the defendants "to make it look like it was legal," and several witnesses testified that the amount had immediately thereafter been returned to defendants. The consideration stated in the deeds was but a small part of the amount the land was worth at the time the deeds were made.

The chancellor, upon final hearing, dismissed the petition against defendant Davis in so far as a recovery of rents was sought, but sustained the cross-petition as to a recovery of the land from Davis and awarded a writ of *habere facias possessionem* to defendants.

From which decree plaintiffs, and defendant Davis, prosecute an appeal.

OPINION OF THE COURT BY JUDGE ROBERTSON:

Considering the condition of the old father Emanuel Higgenbothom, the influence of his sons George and William who could mould him like clay in the hands of the potter, the gross inadequacy of the ostensible consideration, the strong probability that none of it was paid by George, and the extreme doubtfulness of any payment by William, and the fact and circumstances conducing to show a fraudulent purpose and sinister consummation, by these two sons, and proving that the conveyances now litigated

were finally extorted from their father and mother by assurances that the lands should be held in trust for all their heirs, subject to equal distribution among them at his death; such a trust, both express and implied, is the plain and inevitable conclusion of reason and of law.

Consequently, as the appellants had no cause of action until the old man's death and a refusal to fulfill the trust, neither a statutory nor presumptive bar applies to this case.

Wherefore, the judgment dismissing the petition against George and William is reversed, and the cause remanded for further proceedings for distribution, by sale or otherwise, of the lands among all the heirs and an equitable adjustment of the rights of all parties.

But the judgment dismissing the petition against Davis is affirmed.

*Bradley, Dunlap, for appellant.*

*Turner, for appellee.*